# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2020

Lyle W. Cayce
Clerk

No. 19-40585
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ENRIQUE URQUIZO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-722-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Juan Enrique Urquizo entered a conditional guilty plea to one count of conspiracy to transport undocumented aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I), reserving the right to appeal the district court's denial of his motion to suppress the evidence of alien smuggling discovered during an investigatory vehicle stop initiated by a United States Border Control agent. "When reviewing a denial of a motion to suppress

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

In the context of a roving border patrol, agents "may detain vehicles for investigation only if they are aware of specific, articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle is involved in illegal activities." *United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013) (internal quotation marks and citation omitted). The factors to be considered include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) the driver's behavior; (6) particular characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers in the vehicle and their appearance and behavior. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975).

The first factor, proximity to the border, is a "paramount factor." *Garza*, 727 F.3d at 441 (internal quotation marks and citations omitted). In this case, the agent first observed the vehicle approximately one mile north of the border, well within the 50-mile range supporting an inference that the trip began at the border. *See United States v. Jacquinot*, 258 F.3d 423, 428 (5th Cir. 2001). Further, the area's characteristics and the agent's information contributed to reasonable suspicion because the agent testified that he knew Highway 83 was a common route for smuggling. *See United States v. Hernandez*, 477 F.3d 210, 211-12 (5th Cir. 2007). The agent's experience also contributed to reasonable suspicion in this case because he was a 10-year veteran of the Border Control with extensive experience in patrolling Highway 83. *See United States v.*

*Ramirez*, 839 F.3d 437, 440 (5th Cir. 2016); *United States v. Chavez-Chavez*, 205 F.3d 145, 149 (5th Cir. 2000).

Further, the driver's unusually low speeds—approximately 15 miles below the speed limit—contributed to reasonable suspicion, as did his other unusual driving behaviors, such as increasing speed and passing several vehicles, apparently in an attempt to avoid apprehension.  *See United States v. Zapata-Ibarra*, 212 F.3d 877, 883-84 (5th Cir. 2000).   Finally, the characteristics of the vehicle—dirty, heavily laden in the back, and bearing temporary license plates despite being an older model—contributed to reasonable suspicion.  *See United States v. Orozco*, 191 F.3d 578, 582 (5th Cir. 1999); *United States v. Villalobos*, 161 F.3d 285, 289 (5th Cir. 1998); *United States v. Upchurch*, No. 93-8402, 1994 WL 14138, 1 (5th Cir. Jan. 5, 1994) (unpublished).   The factors observed by the agent provided a "composite picture" sufficient to create reasonable suspicion in his mind.  *United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001).

Accordingly, the district court's denial of the motion to suppress is AFFIRMED.